Kern, Leila R., J.
This action arises from an agreement between the Massachusetts Youth Soccer Association, Inc. and the plaintiff, Rosewood Construction Corp., whereby MYSA granted Rosewood a right of first refusal to serve as the general contractor for any development of its parcel. The defendant, SWA, LLC, acquired a portion of MYSA’s parcel and developed it without notifying Rosewood. Rosewood subsequently filed suit in Worcester Superior Court alleging SWA wrongfully breached the covenant granting Rosewood a right of first refusal regarding all development of the land. SWA now requests that this Court dismiss Rosewood’s claim pursuant to Massachusetts Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. For the following reasons, the defendant’s Motion to Dismiss Count I of the Complaint is ALLOWED.
BACKGROUND
On May 4, 1999, MYSA executed a Right of First Refusal agreement granting Rosewood the right to act as general contractor for any development of MYSA’s property located at the intersection of Lunenburg Road and Old Union Turnpike in Lancaster. The agreement obligated MYSA to give Rosewood thirty days to match or better the best estimate it had received from any other general contractor. The Right of First Refusal agreement was recorded and indexed in the Worcester County Registry of Deeds. On April 26, 2004, SWA purchased a portion of the parcel from MYSA and subsequently built an automobile dealership on the land. Neither SWA nor MYSA notified Rosewood of the development of the parcel.
DISCUSSION
I. Standard of Review
The Supreme Judicial Court recently revised the standard of review for motions to dismiss. In so doing, the court adopted the standard set forth by the United States Supreme Court in Bell Atl Corp. v. Twombly, 127 S.Ct. 1955 (2007), which states: “While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his entitle [ment] to relief requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ...” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp., 127 S.Ct. at 1964-65 (internal quotations omitted). At the pleading stage, the plaintiff is required to present “factual allegations plausibly suggesting (not merely consistent with) an entitlement to relief, in order to reflect the threshold requirement of [Fed.RCiv.P.] 8(a)(2) that the plain statement possess enough heft to sho[w] that the pleader is entitled to relief.” Iannacchino, 451 Mass. at 637, quoting Bell Atl. Corp., 127 S.Ct. at 1966 (internal quotations omitted).
II. Covenants Running with the Land
The dispositive issue is whether the Right of First Refusal agreement is a covenant that runs with the land. If it is not, Rosewood canot hold SWA to its terms and Rosewood’s claim against SWA must be dismissed.
In order for covenants to run with the land: “(i) the covenants must be evidenced in a writing signed by the covenantor . . . ; (ii) the deeds must express the covenantor’s intention that the covenants run with the land; (iii) the deeds must grant mutual easements sufficient to satisfy the requirement that the parties be in privity of estate; [and] (iv) both the benefit and the burden of a real covenant must "touch and concern" the affected parcels of land." Well-Built Homes, Inc. v. Shuster, 64 Mass.App.Ct. 619, 626-27 (2005).
Application of the test set forth in Well-Built Homes, Inc., reveals that the Right of First Refusal agreement in the present case does not run with the land. The deed does not express MYSA and Rosewood’s intention that the covenant run with the land and MYSA granted. no easement to Rosewood. Well-Built Homes, Inc., 64 Mass.App.Ct. at 626-27. Additionally, neither the benefit nor the burden of the alleged covenant “touches or concerns” SWA’s land. A covenant “touches and concerns” the land if it “affects the actual physical enjoyment of the property.” Id. at 627 n.16. Even if it were it to run with the land, the Right of First Refusal agreement would not affect MYSA or its successor in interest’s physical enjoyment of the property. Although the covenant grants Rosewood a valuable economic right, it does not affect how the owners of the parcel may exploit their land. Rosewood admits as *82 much when it argues that the Right of First Refusal agreement is not a restriction on the alienation of property deserving strict construction by this court.
Because, as a matter of law, the Right of First Refusal agreement is not a covenant that runs with the land, SWA had no obligation to comply with its terms. Therefore, because Rosewood has not stated a claim upon which relief may be granted or presented factual allegations suggesting that it is entitled to relief, the defendant SWA, LLC’s Motion to Dismiss is ALLOWED.
ORDER
For all of the foregoing reasons, the defendant SWA, LLC’s Motion to Dismiss is ALLOWED as to Count I (Breach of Right of First Refusal).